## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCHESU MINOR** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4364** |
| | : | |
| **DISTRICT ATTORNEY**, *et al.*, | : | |
| *Defendants* | : | |

### M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                          **OCTOBER 16, 2020**

Plaintiff Marchesu Minor, proceeding *pro se,* brings this civil action against the "District Attorney" and "Victim Services." (ECF No. 1.) She has also filed a *motion for leave to proceed in forma pauperis* and a "*motion for investigation*." (ECF Nos. 4 & 5.) The Court will grant Minor leave to proceed *in forma pauperis*, dismiss her Complaint, and deny her Motion.[1]

### I.    FACTUAL ALLEGATIONS

Minor's Complaint is somewhat difficult to understand. The thrust of her claims appears to be that the Defendants have failed to investigate crimes allegedly committed against her and/or provide her services as a victim of those crimes. Minor alleges that she was the victim of an assault on September 13, 2017. (ECF No. 1 at 1.) She suggests that she did not receive any "services" despite being a victim, and alludes to related litigation and/or criminal proceedings in state and federal court. (*Id.* at 2.) Minor also alleges that she was assaulted on August 6, 2020, by a stranger and on September 18, 2020, by her mother and daughter. (*Id.* at 3.) It appears that criminal

---

[1]  Minor is a regular litigant known to the Court. She has been precluded from proceeding *in forma pauperis* in prior cases she filed while incarcerated as a "three-striker" under 28 U.S.C. § 1915(g). *See, e.g.*, *Minor v. Phila Police Dept.*, E.D. Pa. Civ. A. No. 20-2385 (ECF No. 5). However, at the time she filed this case, Minor was not incarcerated. The Prison Litigation Reform Act, including § 1915(g), therefore, does not apply to the instant proceeding.

1

proceedings were initiated against Minor based on some or all of these, and potentially other, incidents.

Minor is "afraid the District Attorney will not prosecute her assault to the full extent of the law as they are [too] busy prosecuting [her]." (*Id.*) As a result, she cannot receive victim services. (*Id.*) She also indicates that she has been treated as the aggressor in these or other instances when, in fact, she was the victim. (*Id.*) Minor attached exhibits to her Complaint, some of which concern state criminal and family court proceedings. It is not clear what relief Minor seeks in this case. She may be seeking an injunction, given her statement that the Court "could grant [her] an Injunction Relief," but the nature of that requested injunction is unclear. (*Id.* at 4.)

Minor's Complaint alludes not only to state criminal cases, but to prior lawsuits she filed in this Court. Minor has a history in this Court of raising claims based on the alleged failures of local authorities to investigate or prosecute crimes she claims were committed against her, and their prosecution of her. In one case, *Minor v. 18th District*, Civil Action Number 18-825, Minor raised various claims, some of which were based on two 2017 prosecutions in state court and some of which concerned an alleged failure to prosecute crimes of which she claimed to be a victim. Minor's complaint and amended complaint in that case were dismissed, and those dismissals were in part because the law did not support Minor's claims that the defendants should investigate or prosecute alleged crimes committed against her. *See Minor v. 18th Dist.*, Civ. A. No. 18-825, 2018 WL 2272336, at *5 (E.D. Pa. May 16, 2018) ("If Minor is trying to bring claims based on a failure to investigate her allegations or prosecute alleged crimes of which she is the victim, her claims also fail."); *see also id.*, No. CV 18-825, 2018 WL 1992163, at *4 (E.D. Pa. Apr. 27, 2018) (same).

Minor filed a second lawsuit, *Minor v. Commonwealth*, Civil Action Number 18-2378, related to her prosecution in 2017. Her complaint and amended complaint in that case were

similarly dismissed. In dismissing the complaint in that case, the Court in part concluded that Minor could not bring claims against a prosecutor for prosecuting her, and could not pursue claims based on a failure to investigate or prosecute crimes of which she claimed to be a victim. *Minor v. Commonwealth*, Civ. A. No. 18-2378, 2018 WL 3489242, at *2 (E.D. Pa. July 18, 2018). In a third lawsuit, *Minor v. District Attorney Office*, Civil Action Number 18-5656, Minor brought claims against the District Attorney's Office in connection with the same September 13, 2017 incident referred to in her instant Complaint. Her complaint was dismissed in part because it duplicated her prior litigation and in part because she could not state a claim based on allegations that the defendant's failed to investigate or prosecute crimes committed against her. *See Minor v. Dist. Attorney Office*, Civ. A. No. 18-5656, 2019 WL 415807, at *3 (E.D. Pa. Jan. 31, 2019). The case was ultimately dismissed without prejudice for failure to prosecute because Minor failed to pay the applicable fees following the revocation of her *in forma pauperis* status under § 1915. *See Minor v. District Attorney Office*, E.D. Pa. Civ. A. No. 18-5656 (ECF No. 22.)

## II.   STANDARD OF REVIEW

The Court grants Minor leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted).   Conclusory allegations do not suffice.  *Id.*  As Minor is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.    DISCUSSION**

Minor's Complaint fails for several reasons.  Her allegations are confused, disjointed and unclear.  The Court cannot determine with any specificity the factual basis for Minor's claims or how many of her allegations relate to the named Defendants.  Accordingly, her Complaint does not comply with Rule 8 and may be dismissed on that basis.

To the extent Minor's Complaint can be liberally construed as raising claims under 42 U.S.C. § 1983, her claims still fail.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Any alleged failure to investigate Minor's allegations against third parties or to prosecute those third parties does not give rise to a constitutional claim.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").  Nor has Minor alleged any legal basis for an entitlement, constitutional or otherwise, to "victim services."

Furthermore, a prosecutor, including a supervisory prosecutor such as the District Attorney, is entitled to absolute prosecutorial immunity from damages claims based on initiating a prosecution, *see Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and to the extent Minor is requesting this Court's intervention in any state criminal proceedings, such relief is not appropriate.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Minor's Complaint also appears to duplicate claims raised and dismissed in prior

lawsuits, *see Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) (explaining that "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims"), and some of her claims appear to be barred by the two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (in § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose). In sum, Minor's Complaint must be dismissed because it suffers from numerous deficiencies.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Minor's Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because any amendment would be futile. Minor's "Motion for Investigation," which seeks an investigation of the September 13, 2017 incident is denied. An appropriate Order follows.